Ramon Ramirez (State Bar No. 280772)
ramonramirez@jonesday.com
Alyssa M. Staudinger (State Bar No. 300845)
astaudinger@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone:  +1.949.851.3939
Facsimile:  +1.949.553.7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY INGRAM,<br><br>                 Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. et al.,<br><br>                 Defendants. | Case No. 5:15-cv-04327-BLF<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian") by and through its undersigned counsel and files its Answer to Plaintiff Mary Ingram's ("Plaintiff") Complaint:

**INTRODUCTION**

1.  In response to paragraph 1 of the Complaint, Experian admits that the allegations contained therein appear to allege claims under the federal Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCCRAA"), and the California Business and Professions Code ("CBPC").

Experian denies that it has violated the FCRA, the CCRAA, or the CBPC, and denies that it is liable to Plaintiff for any alleged damages. As to the allegations in paragraph 1 that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 1 of the Complaint.

**JURISDICTION & VENUE**

2. In response to paragraph 2 of the Complaint, Experian hereby repeats and incorporates by reference its responses to paragraph 1 as if fully set forth herein.

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on California Civil Procedure Code § 410.10. Experian states this is a legal conclusion which is not subject to denial or admission.

4. In response to paragraph 4 of the Complaint, Experian states that Plaintiff has alleged venue is proper. Experian states this is a legal conclusion which is not subject to denial or admission.

**GENERAL ALLEGATIONS**

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

1  allegations contained therein and, on that basis, denies generally and specifically,
2  each and every allegation contained in paragraph 7 of the Complaint.
3       8.   In response to paragraph 8 of the Complaint, Experian is without
4  knowledge or information sufficient to form a belief as to the truth of the
5  allegations contained therein and, on that basis, denies generally and specifically,
6  each and every allegation contained in paragraph 8 of the Complaint.
7       9.   In response to paragraph 9 of the Complaint, Experian is without
8  knowledge or information sufficient to form a belief as to the truth of the
9  allegations contained therein and, on that basis, denies generally and specifically,
10 each and every allegation contained in paragraph 9 of the Complaint.
11      10.  In response to paragraph 10 of the Complaint, Experian is without
12 knowledge or information sufficient to form a belief as to the truth of the
13 allegations contained therein and, on that basis, denies generally and specifically,
14 each and every allegation contained in paragraph 10 of the Complaint.
15      11.  In response to paragraph 11 of the Complaint, Experian is without
16 knowledge or information sufficient to form a belief as to the truth of the
17 allegations contained therein and, on that basis, denies generally and specifically,
18 each and every allegation contained in paragraph 11 of the Complaint.
19      12.  In response to paragraph 12 of the Complaint, Experian denies each
20 and every allegation contained therein that pertains to Experian. As to the
21 allegations in paragraph 12 of the Complaint which relate to Plaintiff, Experian is
22 without knowledge or information sufficient to form a belief as to the truth of those
23 allegations and, on that basis, denies generally and specifically, each and every
24 remaining allegation contained in paragraph 12 of the Complaint.
25      13.  In response to paragraph 13 of the Complaint, Experian is without
26 knowledge or information sufficient to form a belief as to the truth of the
27 allegations contained therein and, on that basis, denies generally and specifically,
28 each and every allegation contained in paragraph 13 of the Complaint.

EXPERIAN'S ANSWER TO PLAINTIFF'S COMPLAINT

1       14.     In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 14 of the Complaint.

        15.     In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 15 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

        16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 16 of the Complaint.

        17.     In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relate to Experian.  As to the allegations in paragraph 17 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

        18.     In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relate to Experian.  As to the allegations in paragraph 18 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

        19.     In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relate to

Experian.  As to the allegations in paragraph 19 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Complaint.

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. §1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC – Failure to Reinvestigate Disputed Information.**

20.     In response to paragraph 20 of the Complaint, Experian hereby repeats and incorporates by reference its responses to paragraphs 1 through 19 as if fully set forth herein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 21 of the Complaint.

**Seventh, Ave.; Ally Financial, Inc.; Ashro, Inc.; Golden 1 Credit Union and Patient Accounting Service Center, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

22.     In response to paragraph 22 of the Complaint, Experian hereby repeats and incorporates by reference its responses to paragraphs 1 through 21 as if fully set forth herein.

23.     In response to paragraph 23 of the Complaint, Experian admits that the allegations contained therein appear to set forth portions of the federal Fair Credit Reporting Act ("FCRA").  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 23 inconsistent therewith.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Seventh, Ave.; Ally Financial, Inc.; Ashro, Inc.; Golden 1 Credit Union and Patient Accounting Service Center, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.**

25. In response to paragraph 25 of the Complaint, Experian hereby repeats and incorporates by reference its responses to paragraphs 1 through 24 as if fully set forth herein.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically,

1   each and every allegation contained in paragraph 29 of the Complaint.

2         30.    In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 30 of the Complaint.

      31.    In response to paragraph 31 of the Complaint, Experian denies that it is liable to Plaintiff for any alleged damages. As to the allegations in paragraph 31 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 31 of the Complaint.

      32.    In response to paragraph 32 of the Complaint, Experian denies that Plaintiff is entitled to any damages against Experian as set forth in her prayer for relief. As to the allegations in paragraph 32 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 32 of the Complaint.

**THIRD CAUSE OF ACTION**
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

      58.[1]    In response to paragraph 58 of the Complaint, Experian hereby repeats and incorporates by reference its responses to paragraphs 1 through 32 as if fully set forth herein.

      59.    In response to paragraph 59 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

---

[1] Plaintiff's complaint proceeds from paragraph 32 to paragraph 58, skipping all numbers in between.  Experian's Answer reflects the numbering in Plaintiff's complaint.

1  allegations contained therein and, on that basis, denies generally and specifically,
2  each and every allegation contained in paragraph 59 of the Complaint.

3       60.    In response to paragraph 60 of the Complaint, Experian is without
4  knowledge or information sufficient to form a belief as to the truth of the
5  allegations contained therein and, on that basis, denies generally and specifically,
6  each and every allegation contained in paragraph 60 of the Complaint.

7       61.    In response to paragraph 61 of the Complaint, Experian is without
8  knowledge or information sufficient to form a belief as to the truth of the
9  allegations contained therein and, on that basis, denies generally and specifically,
10 each and every allegation contained in paragraph 61 of the Complaint.

11      62.    In response to paragraph 62 of the Complaint, Experian is without
12 knowledge or information sufficient to form a belief as to the truth of the
13 allegations contained therein and, on that basis, denies generally and specifically,
14 each and every allegation contained in paragraph 62 of the Complaint.

15      63.    In response to paragraph 63 of the Complaint, Experian is without
16 knowledge or information sufficient to form a belief as to the truth of the
17 allegations contained therein and, on that basis, denies generally and specifically,
18 each and every allegation contained in paragraph 63 of the Complaint.

19      65.[2]    In response to paragraph 65 of the Complaint, Experian denies that
20 Plaintiff is entitled to any damages against Experian as set forth in her prayer for
21 relief. As to the allegations in paragraph 65 of the Complaint that relate to the other
22 defendants, Experian is without knowledge or information sufficient to form a
23 belief as to the truth of the allegations contained therein and, on that basis, denies
24 generally and specifically, each and every allegation contained in paragraph 65 of
25 the Complaint.

---

[2] Plaintiff's numbering skips paragraph 64.

EXPERIAN'S ANSWER TO
PLAINTIFF'S COMPLAINT

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages against Experian as set forth in her prayer for relief.

## TRIAL BY JURY

Experian admits that Plaintiff has demanded trial by jury.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM AGAINST EXPERIAN)

1. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

## SECOND DEFENSE
## (IMMUNITY)

2. Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

3. Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH DEFENSE
## (INDEMNIFICATION)

4. Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff were the result of the acts or omissions of third persons over whom Experian had neither control nor

responsibility.

## FIFTH DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

5.  Plaintiff has failed to mitigate her damages.

## SIXTH DEFENSE
## (LACHES)

6.  The Complaint and each claim for relief therein is barred by the doctrine of laches.

## SEVENTH DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

7.  Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH DEFENSE
## (ESTOPPEL)

8.  Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE
## (STATUTE OF LIMITATIONS)

9.  Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations, including but not limited to 15 U.S.C. § 1681p.

EXPERIAN'S ANSWER TO
PLAINTIFF'S COMPLAINT

## TENTH DEFENSE
## (IMPROPER REQUEST FOR PUNITIVE DAMAGES)

10. Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## ELEVENTH DEFENSE
## (UNCLEAN HANDS)

11. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH DEFENSE
## (INDEPENDENT INTERVENING CAUSE)

12. Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## THIRTEENTH DEFENSE
## (WAIVER)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

14. Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees herein incurred; and

3. For such other and further relief as this Court may deem just and proper.

Dated:     October 14, 2015              Respectfully submitted,

*/s/ Ramon Ramirez*
Ramon Ramirez

*Attorneys for Defendant*
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, Ramon Ramirez, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On October 14, 2015, I served a copy of **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** by electronic transmission.

I am familiar with the United States District Court for the Northern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Scott J. Sagaria
Elliot W. Gale
Joseph M. Angelo
Scott Matthew Johnson
SAGARIA LAW, P.C.
2033 Gateway Place, 5th Floor
San Jose, CA 95110
Tel: 408.279.2288; Fax: 408.279.2299

*Attorneys for Plaintiff*
*MARY INGRAM*

Lauren E. Tate
TATE AND ASSOCIATES
1321 Eighth St., Suite 4
Berkeley, CA 94710
Tel: 510-525-5100; Fax: 510-525-5130
Email: ltate@tateandassociates-law.com

*Attorneys for Defendant*
*Trans Union, LLC*

- 13 -

EXPERIAN'S ANSWER TO PLAINTIFF'S COMPLAINT

| | | |
|---|---|---|
| 1 | Katherine E.C. Robinson<br>SCHUCKIT ASSOCIATES PC<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>Tel: 317-363-2400<br>Fax: 317-363-2257<br>Email:<br>krobinson@schuckitlaw.com<br><br>***Attorneys for Defendnat<br>Trans Union, LLC*** | Thomas P. Quinn<br>NOKES & QUINN<br>410 Broadway, Suite 200<br>Laguna Beach, CA 92651<br>Tel: 949-376-3500<br>Fax: 949-376-3070<br>Email: tquinn@nokesquinn.com<br><br>***Attorneys for Defendant<br>Equifax, Inc.*** |

Executed on October 14, 2015,  at Irvine, California.

*/s/ Ramon Ramirez*
Ramon Ramirez

NAI-1500578087v1